IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOSE ANGEL GARCIA,

                                   Civil No. 09-1285-ST

       Petitioner,

    v.

CHUCK SEELEY,

                              FINDINGS AND RECOMMENDATION

       Respondent.

      Anthony D. Bornstein
      Assistant Federal Public Defender
      101 S.W. Main Street, Suite 1700
      Portland, Oregon 97204

            Attorney for Petitioner

      John R. Kroger
      Attorney General
      Jacqueline Kamins
      Assistant Attorney General
      Department of Justice
      1162 Court Street NE
      Salem, Oregon 97310

            Attorneys for Respondent

   1 - FINDINGS AND RECOMMENDATION

STEWART, Magistrate Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 to challenge the legality of his underlying state convictions for Sexual Abuse and Unlawful Sexual Penetration. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (docket #25) should be denied.

## BACKGROUND

On August 26, 2004, petitioner was helping Randy Weddle work on Weddle's truck. When Weddle left to run an errand, petitioner entered Weddle's house and sexually assaulted Weddle's 13-year-old daughter. As a result, the Marion County Grand Jury indicted petitioner on one count of Unlawful Sexual Penetration in the First Degree, and one count of Sexual Abuse in the First Degree. Respondent's Exhibit 102.

During petitioner's bench trial, the State sought to introduce evidence that petitioner had engaged in a sexually based conversation with the victim just days before the assault took place:

| | |
|---|---|
| Prosecutor: | Before that day, did the defendant ever talk to you about sexual things? |
| Victim: | Yes. |
| Prosecutor: | Can you tell us about that? |
| Defense Atty: | I'm going to object to this testimony, Your Honor. |

2 - FINDINGS AND RECOMMENDATION

> Prosecutor:    Your Honor, I think it goes to
> the sexual predisposition that
> this defendant had for this
> victim.
>
> Court:         I think I will allow it at this
> point.

Respondent's Exhibit 103, p. 20.

The victim proceeded to testify that four or five days prior to the assault, petitioner "just came in and he asked me what I was doing, and I told him I was online.  And he asked me if I was talking about sex and if I had ever had sex; and if I wanted to have sex, who would I have it with." Respondent's Exhibit 103, p. 21.

The trial court ultimately found petitioner guilty of both counts in the indictment and sentenced him to 100 months in prison. Respondent's Exhibit 101.  Petitioner filed a direct appeal raising a due process claim that the victim's testimony about their conversation predating the assault constituted inadmissible prior bad acts evidence.  Respondent's Exhibit 104.  The State responded that defense counsel's general objection to the testimony was not specific enough to preserve the issue for appeal and further argued that the claim lacked merit.  Respondent's Exhibit 105.  The Oregon Court of Appeals affirmed the trial court without opinion, and the Oregon Supreme Court denied review.  *State v. Garcia*, 207 Or. App. 436, 142 P.3d 145, *rev. denied*, 341 Or. 579, 146 P.3d 884 (2006).

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County which was denied. Respondent's Exhibit 113. The Oregon Court of Appeals affirmed the lower court without issuing a written opinion, and the Oregon Supreme Court again denied review. *Garcia v. Mills*, 224 Or. App. 687, 200 P.3d 181 (2008), *rev. denied*, 346 Or. 65, 204 P.3d 95 (2009).

Petitioner filed his Amended Petition for Writ of Habeas Corpus in this court on September 13, 2010, alleging a single claim:

> Trial counsel failed to adequately object to inadmissible propensity evidence, thereby allowing inadmissible and prejudicial testimony by the alleged victim, KW. The specific objectionable testimony involved a previous alleged conversation concerning sexual matters. The failure to adequately object to this testimony prevented meaningful appellate review of the evidentiary issue.

Amended Petition (docket #25), p. 2.

Respondent asks the court to deny relief on this claim because: (1) the claim was not fairly presented to the state courts and is now procedurally defaulted; (2) to the extent that the court finds the claim fairly presented, the PCR trial court's decision was consistent with clearly established federal law; and (3) the claim lacks merit. Because petitioner's ineffective assistance of counsel claim fails on its merits, the court declines to decide the exhaustion issue. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits,

4 - FINDINGS AND RECOMMENDATION

notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the state.").

## FINDINGS

### I.    Standard of Review

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court's findings of fact are presumed correct, and petitioner bears the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but

unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413.  The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410.  The state court's application of clearly established law must be objectively unreasonable.  *Id* at 409.

## II.  <u>Analysis</u>

According to petitioner, trial counsel was constitutionally ineffective when he failed to adequately object to the victim's testimony.  Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test the Supreme Court has established to determine whether petitioner received ineffective assistance of counsel.  *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 (2009). First, petitioner must show that his counsel's performance fell below an objective standard of reasonableness.  *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984).  Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance."  *Id* at 689.

Second, petitioner must show that his counsel's performance prejudiced the defense.  The appropriate test for prejudice is whether the petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id* at 694.

A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. When *Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 129 S. Ct. at 1420.

With respect to the adequacy of counsel's objection during petitioner's trial, the PCR trial court determined that "the defense attorney did object. It was obvious to the -- I don't know about to the judge, but certainly to the district attorney, what he was talking about. And so the district attorney responded in the very words of [OEC] 404(3)." Respondent's Exhibit 112, p. 9. Thus, the PCR trial court found that counsel's objection was sufficiently stated on the record to present the evidentiary issue for consideration, and it logically follows that the issue was also properly preserved for appellate review. Consequently, counsel's performance did not fall below an objective standard of reasonableness.

Even assuming counsel failed to make a proper objection, the evidence at issue was admissible under Oregon law. The trial court clearly ruled that the victim's testimony was admissible under the Oregon Evidence Code when it overruled defense counsel's objection, and the PCR trial court independently concluded that the victim's statements were "not general bad character, it's propensity --

effective propensity toward a particular victim" which "probably
would have come in anyway under [OEC] 404(3)."   Respondent's
Exhibit 112, p. 9; *see, e.g., State v. McKay*, 309 Or. 305, 308, 787
P.2d 479, 480 (1990) (the complainant's testimony describing prior
uncharged sexual contacts between the defendant and the complainant
was admissible "to demonstrate the sexual predisposition this
defendant had for this particular victim").   This habeas court is
bound by these state court determinations pertaining to issues of
state law.   *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)
("[W]e reemphasize that it is not the province of a federal habeas
court to reexamine state-court determinations on state-law
questions.").   Accordingly, even had counsel's objection been
insufficient, petitioner would be unable to prove that he suffered
prejudice as a result.

Because petitioner's attorney made a sufficient objection, and
also because the evidence at issue was admissible under Oregon law,
relief on the Amended Petition should be denied.

## RECOMMENDATION

For the reasons identified above, the Amended Petition for
Writ of Habeas Corpus (docket #25) should be DENIED and a judgment
should be entered dismissing this case with prejudice.   The court
should decline to issue a Certificate of Appealability on the basis
that petitioner has not made a substantial showing of the denial of
a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

8 - FINDINGS AND RECOMMENDATION

**<u>SCHEDULING ORDER</u>**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due February 17, 2011. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 31st day of January, 2011.

<u>s/   Janice M. Stewart </u>
Janice M. Stewart
United States Magistrate Judge

9 - FINDINGS AND RECOMMENDATION